## Commonwealth *v.* Everett, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anne F. Johnson, Richard Farber,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Neil Kitrosser, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 22, 1975:

The only issue raised on this appeal is whether physical evidence introduced against appellant at trial was inadmissible as the fruit of an illegal arrest and subsequent search. Appellant contends that the evidence should have been suppressed because the information supplied to the police did not provide the requisite probable cause.

The facts, as found by the lower court following the suppression hearing, reveal that in the early morning hours (approximately 12:25 a.m.) of July 29, 1973, a Philadelphia policeman and his partner received a radio call which indicated that a "strong arm robbery" had just taken place at 2601 Benjamin Franklin Parkway. The suspects were two black males, one of whom was wearing a white T-shirt. The suspects were believed to have escaped by automobile.

At approximately 12:35 a.m., less than ten minutes later, the officers saw two black males at 888 North 26th Street—a short distance from the robbery. The policemen noticed that they were the only two blacks on the block and that one of the men had on a white T-shirt. Furthermore, one was pounding on the door of the house and the other was lounging half in and half out of a dark green Monte Carlo automobile with out-of-state plates. As the police approached, the two men began to walk toward the officers. When they were within twelve to fifteen feet of each other, the officers heard someone

from inside the house yell that the suspects did not belong there.

One officer testified that as he approached the car, he saw the butt of a gun on the console of the front seat. He retrieved the weapon, and found it was a tear gas gun. He further stated that he requested identification and was given a North Carolina registration card to the car. The card listed the license number as North Carolina DJA-396 and the appellant as the owner. The officer put the card in his pocket so that he could complete a police department form concerning the stop, and then informed the suspects of the robbery. He asked the men if they would submit to a view by the victim, who had been taken to Hahneman Hospital. The suspects denied any part in the robbery, but agreed to go to the hospital.

At the hospital, the officers were contacted by Officer DiSiro, who told them that additional information had been furnished by Margaret Compton, a resident of 769 North 27th Street, a dwelling around a corner from the site of the robbery. Ms. Compton had been sitting on her porch during the early morning hours of July 29, 1973, when the robbery occurred. She noticed a dark tan or dark green automobile with an out-of-state license plate, numbered DJA-396, speeding on 27th Street. The driver of the car first sped down 27th Street, then backed half-way up the block, again proceeded forward, and then drove over the sidewalks on the right-hand side of the street. The driver of the car, a black male, and his companion, also a black male, finally parked the car and walked in the direction of 2601 Benjamin Franklin Parkway. Ms. Compton characterized these actions as "suspicious" and called the police to investigate. She testified that there had been "a rash of stolen cars and cars left there had broken down and children smashing windows. We had three or four fires, they set them on fire after that. So, more or less, all the neighbors had been, together, you know, had an alert because backs of the

houses almost went up there on 27th Street at the lot."
[NT 60] Ms. Compton did not know of the robbery when
she called the police.

When the officers received this information, they
checked the license number given by Ms. Compton with
that on the registration card in their possession, found
them to be identical, and learned that the car in question
belonged to appellant.

The appellant and his co-defendant were subsequently
arrested as suspects in the 2601 Benjamin Franklin
Parkway robbery, at which time they were searched by
a detective of the Philadelphia Police Department. The
search revealed that each suspect had in his possession
a number of five and ten dollar bills, in sequential num-
bers, like those stolen during the robbery.[1] It is this evi-
dence which, appellant contends, should have been sup-
pressed.

In refusing to suppress the evidence seized from
appellant, the lower court found that although the police
did not have probable cause to arrest the suspects at
888 North 26th Street, that defect was cured at the
hospital when the officers received additional informa-
tion about the escape car from an independent source.
The additional information placed the two men in the
vicinity at the time of the robbery and indicated that
they may have used the car identified by Ms. Compton
to escape from the scene of the robbery. Following re-
ceipt of this information, the officers had sufficient prob-
able cause to arrest the suspects and to conduct a search
incident thereto. The evidence, therefore, was seized
pursuant to a lawful arrest and was properly admitted
into evidence.

The United States Supreme Court has stated that the
existence of probable cause is determined by the practical

---

1. The victim, who had sustained a severe blow on the head,
did not identify either appellant or the co-defendant at the
hospital.

considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Brinegar v. United States*, 338 U.S. 160 (1949). Probable cause sufficient to justify an arrest or a search and seizure without warrant is based on a reasonable ground for the belief of guilt, even though the evidence which supplies the belief is not sufficient to justify a conviction. *Brinegar v. United States, supra.* If, at the time of the arrest, the arresting officer has probable cause to believe that the suspect committed the crime, then the arrest may be made without a warrant. *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969).

The evidence available to the policemen who initially stopped appellant was not sufficient to support probable cause for an arrest on charges of robbery. The evidence was sufficient, however, to arouse the officers' suspicions as to appellant's activities. The policemen had learned via police radio that a robbery had taken place and that the robbers were two black males, one of whom was dressed in a white T-shirt, who had probably escaped by car. Within ten minutes of the receipt of this message, and within several blocks of the scene, the officers saw two males who fit the broadcast description. Moreover, the two men were the only black males in the area. When they approached the scene and heard a resident of the house to which the suspects were trying to gain admittance yell that the men "did not belong there," and in view of the lateness of the hour, the officers were justified in stopping the men to ask for identification.

Even though this evidence did not provide probable cause to arrest the suspects at that time, the arrest at the hospital will still be upheld if it can be shown that additional information was obtained "by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963); *Cf. Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972).

In the instant case, the additional information supplied to the arresting officers came from an independent source. Ms. Compton did not know that a robbery had taken place when she called the police, and was not present when the officers requested the suspects to accompany them to the hospital. Her description of the men and the license number of their car and her observation of their activities in the vicinity and at the approximate time of the robbery were in no way derived from the initial contact between the suspects and the police. The information she supplied corroborated the officers' belief that appellant's car was the escape vehicle, and provided probable cause to arrest.

Because we find that the arrest of appellant was based upon probable cause, we also find that the lower court properly refused to suppress the evidence seized incident to the arrest. It is well settled in this Commonwealth that items seized pursuant to a lawful arrest are admissible as evidence. *Commonwealth v. Garvin, supra.* Therefore, we affirm the judgment of the lower court.